Wardlaw, Ch.
delivered the opinion of the Court.
The Chancellor properly remarks that this bill is multifarious, presenting two distinct cases that must be separately considered.
We will first consider the case against Milhouse. He bought the slave, Jenny, to which the plaintiffs were entitled in remainder after a life estate in their mother, — remained in possession of the slave for more than four years, — then re-sold the slave to the person from whom he had purchased — all without notice of any right in the plaintiffs. The bill states the fact that Milhouse had sold the slave, and prays that he may be required to pay to the plaintiffs the price received by him with interest, and account for the hire before the sale. The claim of the plaintiffs is one strictly legal, which might be enforced by trover or assumpsit in the court of law, and no circumstance is stated requiring the peculiar intervention of this Court. It may be admitted to be a principle of equity, as stated by Chancellor Harper, in Bryan vs. Robert, (1 Strob. Eq. 343,) and Hill vs. Hill, (1 Strob. Eq. 23,) that if a stranger in possession of my property undertakes to sell it, and delivers it accordingly, it is at my option either to pursue the property in the hands of the holder, or to affirm the *383 sale as the act of a voluntary agent, and recover the proceeds in his hands. In both of these cases, the vendors had explicit notice of the adverse claims they had sought to evade by sales of the property ; and although it may be true that the principle may be sometimes enforced against vendors who made such sales in good faith, believing themselves to be owners of the proporty sold; yet, certainly, it is the fact of notice of adverse rights that affects the conscience of vendors in such cases, and peculiarly justifies the interposition of this Court. I do not question, that if Milhouse had been properly brought before the Court for the specific delivery of some slaves in his possession, to which plaintiffs had legal title, and to account for the value of other slaves, in the same bill, which he had sold, that the bill would be properly entertained in this Court for both purposes. But here plaintiffs proceed for the price of a single slave sold, and nothing more; and we think (hat for such a demand, strictly legal in its character, he should pursue his remedy in the court of law. We are the more moved to this course, because this defendant has been joined in a controversy with another defendant, with whom he has no community of interest. It is ordered and decreed that the bill be dismissed as to Milhouse, but without prejudice to the right of the plaintiffs to prosecute their elaim elsewhere.
As to the case against Almedia Harley, we concur with the Chancellor that four of the plaintiffs are barred by the statute of limitations, and as to them the bill is dismissed. But we think that the other five plaintiffs are entitled to partition of the slave, they being tenants in common with this defendant. The remedy to be afforded, in a case in equity, depends upon the whole pleadings in the cause. The case may be so varied by the answer of defendants or the proofs, that a plaintiff may be barred from the special remedy he seeks, yet, under the prayer for general relief, the Court will afford such remedy as is proper under all the circumstances of the case. Here the plaintiffs presented a case, in which, prima facie, the peculiar remedy prayed for,— specific delivery of the slave, — was just and equitable ; and they may not have had the means of knowing, and were not bound *384 to anticipate, what defences might be set up by the defendant. The whole case is before us, and in avoidance of further litigation, we will decide now upon the rights of the plaintiffs, and the defences of the defendant. The effect of allowing the plea of the statute of limitations against the adult plaintiffs, and disallowing it as to the infants, is to vest four-ninths of the slave in the defendant, and to leave the five younger plaintiffs each entitled to one-ninth. It is ordered and decreed that the" defendant, Almedia Harley, deliver the slave Jeff to the commissioner of this Court for Barnwell district, and that said commissioner proceed to sell said slave at public auction, on a credit of twelve months, and distribute the proceeds of sale among the parties according to their interests as herein indicated.
Johnston, DüNkiN and Dargan, CC. concurred.

Decree modified.